**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| HIGHER EDUCATION COQUI LLC, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| 2U, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE ITS COMPLAINT UNDER SEAL**

In accordance with Federal Rule of Civil Procedure 5.2 and District of Delaware Local Rule 5.1.3, plaintiff Higher Education Coqui LLC ("Higher Ed") respectfully requests leave to file its Verified Complaint and corresponding exhibits in this action under seal. In support of this motion, Higher Ed states:

1.      This action arises out of a July 23, 2024 Master License and Services Agreement (the "Agreement") between Higher Ed and defendant, 2U, LLC ("2U"). Through this action, Higher Ed seeks injunctive relief to prevent 2U's ongoing misappropriation of "Retained Intellectual Property," "Developed Creative," and "Confidential Information," each as defined in the Agreement.

2.      In Section 3 of the Agreement, the parties agreed to protect each other's "Confidential Information," defined in pertinent part as "nonpublic information relating to the Disclosing Party's technology, products, services, processes, data, customers, business plans and methods, promotional and marketing activities, finances and other business affairs."

3.      Section 4 of the Agreement governs ownership and use of each Party's Intellectual Property. Intellectual Property is defined in the Agreement to "mean[] all (i) software (in both

1

source code and object code form and including all related data), processes, methodologies, technologies, algorithms, techniques, designs, reports, works of authorship, video recordings, audio recordings, photographs, mask works, models, trade secrets, formulae, ideas, inventions (including all patents, patent applications, patent disclosures, and any reissuances, continuations, continuations-in-part, revisions, and reexaminations thereof), discoveries, programmer interfaces, specifications, operating instructions, drawings, concepts, notes, manuals, documentation, training materials, and job aids; (ii) know-how; and (iii) translations, adaptations, derivations, and combinations of any of the foregoing." Agreement, Schedule 1, § 1.1.

4.      Section 4 further provides that Higher Ed owns all right, title, and interest in reports, text, content, and related work product (defined as "Developed Creative") in connection with its performance of the Agreement.

5.      The Verified Complaint and its exhibits reference, quote, and attach Higher Ed's Confidential Information, Retained Intellectual Property, and Developed Creative throughout the document.

6.      Further, the Verified Complaint references and quotes portions of the Agreement, including information that 2U has designated as Confidential Information.

7.      This Confidential Information, Retained Intellectual Property, and Developed Creative  are central to the allegations of the Verified Complaint.  Plaintiff cannot state its claims without referencing and quoting this material.

8.      The Verified Complaint and exhibits also reference confidential and sensitive business activities of the parties under the terms of the Agreement.

9.      Similar information has previously been sealed or filed in redacted form in related litigation between the parties captioned *Higher Education Coqui LLC v. 2U, LLC*, Case No. 0:26-

2

CV-02255-SAL (District of South Carolina, Rock Hill Division). *See* Exhibit 1. The parties seek protection for the same categories or similar categories of information here.

10.     This Court has the "inherent equitable power to grant confidentiality orders." *Pansy v. Stroudsburg*, 23 F.3d 772, 785 (3d Cir. 1994). Although there is a "presumption in favor of public accessibility," the Court has authority to seal documents "when justice so requires," provided the party requesting sealing demonstrates that the "interest in secrecy outweighs the presumption" of access. *In re Motions for Access of Garlock Sealing Techs. LLC*, 488 B.R. 281, 299-300 (D. Del. 2013) (quoting *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 221-22 (3d Cir. 2011)). Thus, "courts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing." *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988) (citing *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978)); Fed. R. Civ. P. 26(c)(1)(G) (identifying "confidential . . . commercial information" as one category of information that can be protected by court order); *Mylan Inc. v. SmithKline Beecham Corp.*, 723 F.3d 413, 415 n.3 (3d Cir. 2013) (finding good cause to seal documents "to protect the parties' confidential proprietary business and competitive interests"); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) ("Documents containing trade secrets or other confidential information may be protected from disclosure."). Where a party relies on assurances of confidentiality in entering into an agreement, that party has a privacy interest preventing disclosures of its non-public, confidential business and financial information. *See LEAP*, 638 F.3d at 222.

11.     The Verified Complaint and its exhibits are permeated with trade secrets, Intellectual Property, Developed Creative, and Confidential Information of the character that courts shield from public disclosure. *Leucadia*, 998 F.2d at 166; Fed. R. Civ. P. 26(c)(1)(G). Public

disclosure of the Verified Complaint and its exhibits would reveal to Higher Ed's competitors the specific nature and scope of its proprietary technologies and methodologies, harming its competitive standing and providing a roadmap to replicate those capabilities without incurring the cost of independent development. *Littlejohn*, 851 F.2d at 678; *Mylan*, 723 F.3d at 415, n.3. Moreover, Higher Ed and 2U entered into the Agreement in reliance on mutual assurances of confidentiality, giving Higher Ed a recognized privacy interest in preventing disclosure of its non-public, confidential business information. *LEAP*, 638 F.3d at 222. Because good cause exists to protect these confidential proprietary business and competitive interests, Higher Ed's interest in secrecy outweighs the presumption in favor of public access to the details of a private and confidential business transaction. *See Garlock*, 488 B.R. at 299-300.

12. In accordance with Local Rule 5.1.3 and Section (G)(1) of the Administrative Procedures Governing Filing and Service by Electronic Means, Higher Ed shall submit a redacted version of its Verified Complaint and sealed exhibits within seven days of filing the Verified Complaint and exhibits.

Wherefore, Higher Ed respectfully requests that the Court enter an order granting Higher Ed leave to file its Verified Complaint and all exhibits thereto under seal, and a proposed order is attached.

|  |  |
|---|---|
| *Of Counsel* | **K&L GATES, LLP** |
|  | /s/ *Matthew B. Goeller* |
| Jennifer H. Thiem* | Robert K. Beste (3931) |
| 134 Meeting Street, Suite 500 | Matthew B. Goeller (6283) |
| Charleston, SC 29401 | 600 N. King Street, Suite 901 |
| (843) 579-5600 | Wilmington, DE 19807 |
| jennifer.thiem@klgates.com | robert.beste@klgates.com |
|  |  |
| A. Lee Hogewood, III* | *Counsel for Plaintiff* |

4

301 Hillsborough Street, Suite 1200
Raleigh, NC 27603
(919) 743-7306
lee.hogewood@klgates.com

July 30, 2026

*Pro hac vice motions forthcoming*

5