**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| HIGHER EDUCATION COQUI LLC, | ) | |
| | ) | Civil Action No. 26-934-UNA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| 2U, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

Plaintiff Higher Education Coqui LLC ("Higher Ed") moves for leave to serve expedited discovery on Defendant 2U, LLC ("2U") in connection with its Motion for Preliminary Injunction. In support of the motion for expedited discovery, Higher Ed submits that cause exists for expedited discovery narrowly tailored to obtain information from the Defendant that is uniquely in the possession of the Defendant and relates directly to the ongoing misuse of the Plaintiff's Intellectual Property, Developed Creative and Confidential Information as described in the Complaint.

In further support of this Motion, the Plaintiff shows as follows:

<u>Proposed Expedited Discovery</u>

1.     The Proposed Expedited Discovery is attached to this Motion and incorporated by reference as **Exhibit 1** ("Expedited Requests").

2.     The Expedited Requests seek narrow categories of documents uniquely available to the Defendant, responses to limited Interrogatories and Requests for Admission.

3.     All of the Expedited Requests relate directly to the issues raised in Plaintiff's Motion for Preliminary Injunction and should be readily available to the Defendant without a significant burden to search large volumes of ESI.

1

4. Expedited Discovery is warranted in this case.

5. In evaluating requests for expedited discovery in anticipation of a preliminary injunction, this Court applies a flexible "reasonableness" standard considering "(1) the timing and context of the discovery requests, including whether a preliminary injunction hearing has been scheduled; (2) the scope and purpose of the requests; and (3) the nature of the burden to the respondent." *Kone Corp. v. ThysssenKrupp USA, Inc.*, 2011 WL 4478477, at *4, 6 (D. Del. Sept. 26, 2011). See also *Williams v. Ocwen Loan Servicing, LLC*, C.A.No. 14-1096-LPS-CJB, 2015 WL 184024, at *2 (D. Del. Jan. 13, 2015) (a court weighs "the need for discovery at an early juncture in the litigation against the breadth of the discovery requests and the prejudice to the responding party.")

6. Here, each of the factors listed above confirm that limited expedited discovery is reasonable and good causes exists to permit it.

7. First, the timing and context favor expedition because key facts bearing on interim relief are unfolding in real time and largely reside in the possession of the Defendant, which, among other things, disabled Plaintiff's access to certain systems immediately after Plaintiff filed suit in South Carolina.

8. Second, the scope and purpose of the requests are tightly cabined to issues the Court must assess at the preliminary injunction stage: precisely whether and how Defendant is using Plaintiff's Intellectual Property, Developed Creative and Confidential Information and, in particular, how Defendant has redirected customer traffic from Plaintiff to Defendant.

9. Third, the burden of the requests is modest and is proportionate to the matters at issue in connection with the preliminary injunction.

Accordingly, Higher Ed respectfully requests the Court grant this motion and order expedited discovery in the form of the Requests attached to this Motion as Exhibit 1 within 21 days of the entry of an order granting this motion.

<table>
<tr><td></td><td><strong>K&L GATES, LLP</strong></td></tr>
</table>

*Of Counsel*

Jennifer H. Thiem*
134 Meeting Street, Suite 500
Charleston, SC 29401
(843) 579-5600
jennifer.thiem@klgates.com

A. Lee Hogewood, III*
301 Hillsborough Street, Suite 1200
Raleigh, NC 27603
(919) 743-7306
lee.hogewood@klgates.com

August 3, 2026

*Pro hac vice motions forthcoming*

/s/ *Matthew B. Goeller*
Robert K. Beste (3931)
Matthew B. Goeller (6283)
600 N. King Street, Suite 901
Wilmington, DE 19807
robert.beste@klgates.com

*Counsel for Plaintiff*